UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN R. MILDENBERGER, et al., | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 06-760L<br>Judge Lynn J. Bush |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of Federal Claims, defendant, the United States, answers the allegations in the introductory paragraph and subsequent numbered paragraphs of plaintiffs' Complaint as follows. The introductory paragraph contains legal conclusions and a characterization of plaintiffs' complaint to which no answer is required. To the extent an answer might be required, the allegations are denied.

1. Defendant admits that John R. Mildenberger and Michele C. Ruth are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.
2. Defendant admits that Dr. Robert O. Baratta and Mrs. Carol A. Baratta are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.
3. Defendant admits that Joseph K. Henderson and Patricia T. Henderson are named plaintiffs in this action. However, defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

4. Defendant admits that Charles C. Crispin and Julie D. Crispin are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

5. Defendant admits that Athol Doyle Cloud, Jr. and Patricia P. Cloud are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

6. Defendant admits that James J. Harter and Patricia C. Harter are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

7. Defendant admits that Dr. Robert H. Paré, Jr. and Eryn T. Paré are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

8. Defendant admits that William E. Guy, Jr. and Stella S. Guy are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

9. Defendant admits that Mark S. Beatty is a named plaintiff in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

10. Defendant admits that Rufus Wakeman II and Melynda Wakeman are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

11. Defendant admits that Robert L. P. Voisinet and Karen M. Voisinet are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.
12. Defendant admits that Ann S. MacMillan is a named plaintiff in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.
13. Defendant admits that John Francis Patteson is a named plaintiff in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.
14. Defendant admits that Dr. Paul Paré is a named plaintiff in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.
15. Defendant admits that Brian Schmidt and Deborah Schmidt are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.
16. Defendant admits that Frederick Rutzke and Kimberly Rutzke are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

17. Defendant admits that Floyd D. Jordan and Marjorie N. Jordan are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

18. Defendant admits that Philip Tafoya and Geraldine Tafoya are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

19. Defendant admits that William H. Addeo and Lisa Addeo are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

20. Defendant admits that Mark R. Connell is a named plaintiff in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

21. Defendant admits that Robert Pearson is a named plaintiff in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

22. Defendant admits that Charles V. Locke and Vera A. Locke are named plaintiffs in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

23. To the extent paragraph 23 purports to characterize the United States Constitution, the United States Constitution is the best evidence of its contents.

## JURISDICTION

24. Defendant admits that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court.

OPERATIVE FACTS

25. Defendant admits the St. Lucie River estuarine system is in Martin and St. Lucie counties, Florida and has a mixing zone in which tidal waters advance and retreat but is without knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of paragraph 25, and, on that basis, denies the allegations. The second sentence in paragraph 25 contains a quote from a South Florida Water Management District website which is the best evidence of its contents. Defendant admits the third sentence of paragraph 25. The fourth sentence in paragraph 25 contains plaintiffs' characterization of its "riparian values" to which no answer is required. To the extent that an answer might be required, this characterization is denied. Regarding the remaining allegations in the fourth sentence of paragraph 25, defendant avers the regional watershed combined with tidal flows affect the salinity levels in the estuary, but is without knowledge or information sufficient to form a belief as to the remaining allegations in this sentence, and, on that basis, denies the allegations. Regarding the fifth sentence in paragraph 25, due to the vagueness and ambiguity as to the meaning of the terms "invaded," "normally," "excessive," "extreme" and "other problems," defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the fifth sentence of paragraph 25 and therefore denies the same.

26. Defendant admits the allegations contained in the first sentence of paragraph 26. With regard to the second sentence in paragraph 26, defendant admits that historically, Lake Okeechobee, which extended farther south and west than it does today, with a more extensive littoral zone, generally flowed southward. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the second

sentence of paragraph 26 and therefore denies the same. With regard to the third sentence in paragraph 26, defendant denies the Corps built and expanded a dike in 1924 but avers that pursuant to authorization received in 1930 and thereafter, the Corps constructed and subsequently improved, by lengthening and raising, a dike around Lake Okeechobee. Defendant denies that it initially constructed a canal connecting the Lake with the St. Lucie Estuary but avers that it expanded a canal connecting the St. Lucie River and Estuary with Lake Okeechobee and that a structure known as S-80 exists between Lake Okeechobee and the St. Lucie Estuary. Defendant admits the allegations contained in the fourth sentence of paragraph 26.

27. With regard to the first sentence in paragraph 27, defendant admits that Lake Okeecohobee is part of the federal Central and Southern Florida Project which has multiple purposes including flood control, water supply for municipal, industrial and agricultural uses, prevention of saltwater intrusion, water supply for Everglades National Park, and protection of fish and wildlife resources, navigation and recreation. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of paragraph 27 and therefore denies the same. With regard to the second sentence in paragraph 27, defendant admits that Lake Okeechobee is regulated to achieve multiple project purposes of the Central and Southern Florida Project but otherwise denies the allegations in the second sentence. With regard to the third sentence in paragraph 27, defendant avers the Corps constructed a dike more than 30 feet high around Lake Okeechobee but otherwise denies the allegations in the third sentence of paragraph 27. With regard to the fourth sentence in paragraph 27, defendant admits that the Central and Southern Florida Project includes the approximately 154-mile-long Lake

Okeechobee waterway, portions of which were authorized as early as 1930. Defendant denies plaintiffs' characterization of the Central and Southern Florida Project as a "system." Defendant admits the allegations in the fifth sentence of paragraph 27. Regarding the sixth sentence in paragraph 27, defendant avers that the Okeechobee Waterway provides, among other purposes, a means whereby the Corps releases water from the Lake east to the St. Lucie River and west to the Gulf of Mexico.

28. With regard to the first sentence in paragraph 28, defendant admits that Lake Okeecohobee has received nutrients as a result of agricultural practices but denies plaintiffs characterization that it is "heavily laden with excess nutrients." Defendant admits the second sentence of paragraph 28. Defendant admits the third sentence of paragraph 28. The fourth sentence contains legal conclusions to which no answer is required. To the extent that an answer might be required, defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the fourth sentence of paragraph 28 and therefore denies the same. Defendant admits the allegations in the fifth sentence of paragraph 28. Defendant denies the allegations in the sixth sentence of paragraph 28. With regard to the seventh sentence in paragraph 28, on information and belief, defendant avers that discharges into the St. Lucie Canal have exceeded 150 billion gallons for at least four years of the last eleven years.

29. Defendant avers that the Corps releases fresh water into the St. Lucie River that contains pollutants, but denies the remaining allegations in the first sentence of paragraph 29. Defendant denies the allegations in the second sentence of paragraph 29. Regarding the third sentence of paragraph 29, defendant avers that non-saline water can kill oysters and prevent certain fish from residing and spawning, but defendant lacks knowledge or

information sufficient to form a belief as to the remaining allegations in the third sentence of paragraph 29 and therefore denies the same. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the fourth sentence of paragraph 29 and therefore denies the same. Regarding the fifth sentence in paragraph 29, defendant denies plaintiffs' characterizations, such as "cataclysmic" "well known," and "immense socioeconomic benefits." Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the fifth sentence of paragraph 29 and therefore denies the same.

30. Defendant avers that it is aware of a sign posted by the Florida Department of Health that contains the quotations in paragraph 30, and that sign is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 30 and therefore denies the same.

31. The first and second sentences of paragraph 31 contain legal conclusions to which no answer is required. To the extent that an answer might be required, these allegations are denied. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the third sentence of paragraph 31 and therefore denies the same.

Cause of Action

32. Defendant incorporates by reference all of the preceding responses.

33. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

34. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

35. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

36. The first sentence in this paragraph contains legal conclusions to which no answer is required. To the extent that an answer might be required, this allegation is denied. The second sentence of this paragraph states plaintiffs' intent to amend the complaint to which no answer is required. Defendant avers that plaintiffs are not entitled to any compensation whatsoever, as there has not been a taking of private property by the United States.

37. The first sentence in this paragraph contains legal conclusions to which no answer is required. To the extent that an answer might be required, this allegation is denied. The second and third sentence of this paragraph discusses plaintiffs' retention of legal counsel and the costs of litigation to which no answer is required. The fourth sentence of this paragraph states plaintiffs' intent to amend the complaint to which no answer is required.

The remaining paragraphs of plaintiff's Complaint contain plaintiff's prayer for relief, to which no response is required. To the extent that an answer might be required, defendant denies that plaintiff is entitled to any relief.

**ALL CLAIMS**

Defendant denies any allegations contained in plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified. To the extent that any allegation contained in plaintiffs' Complaint remains unanswered, defendant denies such allegations.

**AFFIRMATIVE DEFENSES**

Plaintiffs' claim must be dismissed because plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, the United States denies that plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for defendant, and that defendant be allowed its costs and such other and further relief as the Court may allow.

Dated: February 12, 2007

Respectfully submitted,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environmental & Natural Resources Division

/s/ Steven D. Bryant
STEVEN D. BRYANT
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
steven.bryant@usdoj.gov
202-305-0424

Of Counsel:
Brooks Moore
Assistant District Counsel
U.S. Army Corps of Engineers, Jacksonville District
701 San Marco Boulevard
Jacksonville, Florida 32207