# In the United States Court of Federal Claims

No. 06-760 L

(Filed April 29, 2010)

**UNPUBLISHED**

```
* * * * * * * * * * * * * * * * * * * *
JOHN R. MILDENBERGER, et al.,    *
                                 *
              Plaintiffs,        *        Voluntary Dismissal;
                                 *        RCFC 41(a)(2).
         v.                      *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
* * * * * * * * * * * * * * * * * * * *
```

    *Roger J. Marzulla*, Washington, DC, for plaintiffs. *Nancie G. Marzulla*, Washington, DC, of counsel.

    *Steven D. Bryant*, Washington, DC, with whom was *Ignacio S. Moreno*, Acting Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, for defendant. *Brooks W. Moore* and *Jennifer A. Misciagna*, Assistant District Counsel, U.S. Army Corps of Engineers, Jacksonville, FL, of counsel.

    *Paul J. Nicoletti*, Stuart, FL, with *Robert L. Kilbride*, Assistant City Attorney, for *amicus curiae* City of Stuart, Florida.

    *Stephen Fry*, Stuart, FL, for *amicus curiae* Martin County, Florida.

    *Keith W. Rizzardi*, West Palm Beach, FL, with *Sheryl Wood*, General Counsel, for *amicus curiae* South Florida Water Management District.

———————————————————

**OPINION**

———————————————————

**BUSH,** *Judge.*

Now pending before the court is plaintiffs' motion pursuant to Rule 41(a)(2) of the Rules of the United States Court of Federal Claims (RCFC) to voluntarily dismiss their takings claims alleging a physical invasion of several upland parcels of riparian land. Plaintiffs request that those claims be dismissed without prejudice, while defendant argues that they should be dismissed with prejudice. Plaintiffs further contend that the court should dismiss William and Lisa Addeo from this case without prejudice as well. Plaintiffs' motion has been fully briefed and is ripe for a decision by the court. For the reasons discussed below, the court hereby grants plaintiffs' motion to dismiss their upland-parcel claims without prejudice. Because the Addeos' only substantive claim was already dismissed in the court's earlier opinion, however, plaintiffs' additional request to dismiss the Addeos from this case without prejudice is denied as moot.

**BACKGROUND**

On January 29, 2010, the court dismissed plaintiffs' claims alleging a physical taking of their asserted riparian rights in the St. Lucie River. The court declined, however, to dismiss plaintiffs' remaining takings claims alleging a physical invasion of certain of their upland parcels. In dismissing plaintiffs' riparian-rights claims, the court directed the entry of judgment pursuant to RCFC 54(b) in order to allow plaintiffs to immediately appeal those claims to the United States Court of Appeals for the Federal Circuit. The court instructed the parties to file a joint status report for the purpose of establishing a proposed litigation schedule for plaintiffs' remaining upland-parcel claims. Plaintiffs filed their Notice of Appeal of this court's decision on February 12, 2010, and the Federal Circuit docketed plaintiffs' appeal on February 19, 2010.

On February 26, 2010, the parties filed the joint status report ordered by the court. Therein, plaintiffs requested that the court stay all further proceedings in this case pending the outcome of their appeal in the Federal Circuit. Defendant, on the other hand, argued that this case should move forward without delay and

requested that plaintiffs be ordered to amend their complaint to more fully plead their upland-parcel claims.  In addition, both parties agreed that William and Lisa Addeo should be dismissed from this case.  Defendant argued that the Addeos should be dismissed with prejudice, while plaintiffs contended that their dismissal should be without prejudice.

On March 3, 2010, the court denied plaintiffs' request to stay the litigation of their upland-parcel claims and denied defendant's request to require the amendment of plaintiffs' complaint.  The court ordered the parties to exchange initial disclosures no later than March 19, 2010, and to file a joint proposed discovery schedule no later than March 31, 2010.  In addition, the court directed plaintiffs to show cause why the Addeos should not be dismissed from this case with prejudice for failure to prosecute their claim.

On March 22, 2010, plaintiffs filed a motion to voluntarily dismiss their upland-parcel claims pursuant to RCFC 41(a)(2).  In their motion, plaintiffs state that the purpose of the requested dismissal is to avoid the burden of litigating those claims while simultaneously pursuing their pending appeal in the Federal Circuit.  Plaintiffs further argue that William and Lisa Addeo should not be dismissed with prejudice for failure to prosecute because they actively participated in the litigation and diligently pursued their takings claim in this court.

On April 8, 2010, defendant filed a response to plaintiffs' motion.  Defendant first argues that plaintiffs' upland-parcel claims should be dismissed with prejudice.  According to defendant, the dismissal of those claims without prejudice would have the same practical effect as the stay of further proceedings requested by plaintiffs and denied by the court.  Given the advanced stage of the litigation in this case, defendant contends that the dismissal of plaintiffs' upland-parcel claims without prejudice would produce uncertainty regarding the status of those claims and would impose an unfair burden on defendant.  Defendant also argues that William and Lisa Addeo cannot be dismissed from this case without prejudice because their participation in the litigation was minimal and their sole takings claim has already been dismissed by the court.

On April 14, 2010, plaintiffs filed their reply to defendant's response.  Plaintiffs first challenge the government's assertion that it has expended substantial time and resources in defending against plaintiffs' upland-parcel claims.  According to plaintiffs, that assertion is wholly inconsistent with defendant's

contradictory contention that plaintiffs have failed to prosecute their upland-parcel claims.  In addition, plaintiffs argue that they have pursued their claims in good faith, and that the balance of the equities in this case favors the dismissal of plaintiffs' upland-parcel claims without prejudice.

## DISCUSSION

### I.    Plaintiffs' Upland-Parcel Claims

The voluntary dismissal of a suit in this court is governed by RCFC 41(a).  Subject only to certain exceptions not applicable here, a pending suit "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  RCFC 41(a)(2).  Unless the dismissal order expressly states otherwise, the voluntary dismissal of an action by court order is deemed to be without prejudice.  *Id.*

Although RCFC 41(a) does not itself address the precise circumstances in which a dismissal without prejudice may be granted, this court has explained that "dismissal without prejudice is the norm rather than the exception."  *Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 134 (1990).  The court enjoys considerable discretion in determining whether any particular case should be dismissed with or without prejudice, and its determination will not be overturned unless the court has abused its discretion.  *Fala Corp. v. United States*, 53 Fed. Cl. 90, 91 (2002).  In exercising its discretion, the court has identified three factors that should be considered in reviewing any motion for voluntary dismissal:

> No precise formula governs dismissals with prejudice. The decision largely hinges on the equities of the case, with due regard for the interests of both parties.  The grounds for dismissing with prejudice, however, generally fall into three broad categories:  the burden on defendant of dismissal without prejudice, the progress of the litigation, and the diligence and good faith of the plaintiff.

*Id.* (internal citations omitted).  As discussed below, the facts in this case do not warrant dismissal of plaintiffs' upland-parcel claims with prejudice.

### A.     Burden on Defendant

When reviewing a motion to voluntarily dismiss, this court must keep uppermost in mind the affected interests of the defendant, because it is the government's position that must be protected. *Standard Space Platforms Corp. v. United States*, 38 Fed. Cl. 461, 467 (1997).  The court has noted that dismissal with prejudice may be appropriate where the defendant has invested great time and expense in preparing for trial. *Deuterium*, 21 Cl. Ct. at 134; *see also Schweiger Constr. Co. v. United States*, 49 Fed. Cl. 188, 209 (2001) ("[The] court may dismiss an action with prejudice if it finds '[t]he government has devoted considerable time and effort to preparing the case . . . [a]nd it may cause the government expense and inconvenience if the case now were put in possible limbo.'") (quoting *Alumni Ass'n of the Univ. of N.C., Inc. v. United States*, 223 Ct. Cl. 765, 767 (1980)).

Defendant argues that it has expended substantial resources responding to plaintiffs' upland-parcel claims, and that dismissal of those claims without prejudice would be unfair and unnecessarily burdensome:

> The parties engaged in considerable fact and expert discovery, which concluded on August 18, 2008.  In addition to exchanging hundreds of thousands of pages of documents, the parties have collectively conducted 38 fact and expert witness depositions in three different cities in Florida and in Atlanta, Georgia.  The parties have also engaged in extensive briefing between January 16, 2009 and October 10, 2009, as well as oral argument in connection with the parties' respective dispositive motions.

Def.'s Resp. at 5.  Defendant claims that the dismissal of plaintiffs' upland-parcel claims without prejudice would subject it to "the additional cost and burden of engaging in supplemental discovery – *e.g.*, the travel and depositions to examine claims that would have been explored in the earlier extended discovery period had plaintiffs properly alleged the upland claims from the outset of the case." *Id.* at 5-6.

It is clear that the parties have devoted much time and effort to the overall

litigation of this case.  Defendant has not shown, however, that it has engaged in substantial discovery or other litigation activities that were specifically directed to plaintiffs' upland-parcel claims.  Although there are significant legal and factual distinctions between plaintiffs' riparian-rights claims and their upland-parcel claims, the parties have virtually ignored the latter in their pleadings and subsequent briefing.  Aside from defendant's assertion that the upland-parcel claims sound in tort and are therefore beyond the jurisdiction of this court, *see* Def.'s Mot. to Dismiss at 23-25, the record in this case is virtually devoid of any substantive discussion of plaintiffs' upland-parcel claims by either party.  Indeed, the court's January 29, 2010 opinion observed that its analysis and discussion of the upland-parcel claims were largely impeded by the lack of input from the parties.

Defendant has not demonstrated – or even asserted – that it would have conducted fewer depositions, propounded fewer interrogatories, or otherwise engaged in less discovery had plaintiffs' suit been limited to their riparian-rights claims.  Indeed, counsel for defendant described plaintiffs' upland-parcel claims as "red herrings" and told the court during oral argument that those claims are "not what this case is about . . . ."  Oral Argument Tr. at 28-29.  Given the apparent lack of evidence and argument related to plaintiffs' upland-parcel claims, the court concludes that dismissal of those claims without prejudice would not impose a substantial burden on defendant.

## B.    Progress of the Litigation

The court has noted that "[d]ismissal with prejudice is appropriate where there have been extensive proceedings with a trial clearly in sight."  *Deuterium*, 21 Cl. Ct. at 135.  Defendant argues that the advanced stage of the litigation in this case precludes dismissal of plaintiffs' upland-parcel claims without prejudice.  The court disagrees.  Although the court dismissed plaintiffs' riparian-rights claims following extensive briefing and oral argument by the parties, there is a dearth of evidence and argument related to plaintiffs' upland-parcel claims.  The court has not scheduled a trial on the merits of the upland-parcel claims and there are no pending dispositive motions related to those claims precisely for the reason that neither side presented adequate evidence or argument on those claims.  *See id.* at 134-36 (dismissing a plaintiff's claim with prejudice because the request for voluntary dismissal was filed to avoid the court's resolution of a pending motion for summary judgment and a scheduled trial).  It was the court which expended

considerable time and effort laboring with the unenviable task of attempting to resolve the upland-parcel claims without adequate facts or analysis by the parties, thus leading to its determination that no final decision could be made in such a vacuum. The court's January 29, 2009 opinion reflects the fact that the upland-parcel claims are not in an advanced stage or posture. Accordingly, with respect to plaintiffs' upland-parcel claims, the court holds that the progress of this litigation does not warrant their dismissal with prejudice.

## C.    Plaintiffs' Diligence and Good Faith

Defendant has not asserted that plaintiffs' upland-parcel claims were not pursued in good faith. Defendant does argue, however, that plaintiffs have not diligently prosecuted those claims. Defendant notes that the factual allegations in support of plaintiffs' upland-parcel claims

> were not presented in the Complaint. The Complaint is devoid of any allegation that the Guys' property is subject to permanent flooding – or that the United States acquired a flowage easement. The Barattas did not allege in the Complaint that the well on their property was contaminated by subsurface flooding from the St. Lucie Estuary. Rather, the Barattas asserted in the Complaint that they "use the well . . . to irrigate their lawn, trees, and plants." Similarly, MacMillan did not allege mangrove tree mortality in the Complaint. Nor were there allegations in the Complaint of odors emanating from the St. Lucie River and invading upland parcels as a result of discharges. In addition to insufficiently alleging these claims in their Complaint, plaintiffs have failed to prosecute the upland-parcel claims, because they have not produced any reports or studies – by experts or otherwise – to substantiate the cursory allegations in their declarations. . . . Plaintiffs' failure to diligently pursue the upland-parcel claims further demonstrates that they should be dismissed with prejudice.

Def.'s Resp. at 6-7 (internal citations omitted). There is no question that plaintiffs' presentation of its upland-parcel claims has been inadequate. The court deferred

consideration of the parties' dispositive motions with respect to plaintiffs' upland-parcel claims due to the absence of critical evidence and argument related to those claims.  However, the court declines to find that plaintiffs' minimal arguments and evidence are so egregious as to reflect a lack of diligence and good faith which warrant a dismissal with prejudice.  This is particularly so where the government likewise failed to adequately address the upland-parcel dispute.

In *Deuterium*, the court discussed some of the factors to be considered in determining whether a plaintiff has pursued its claims with diligence and in good faith:

> If plaintiff has not prosecuted his case with diligence and good faith, it is appropriate for the court to grant a voluntary motion to withdraw with prejudice. Insufficient explanation of the need for dismissal, using dismissal to deprive defendant of a ruling on a dispositive motion, and excessive delay are among the factors which justify dismissal with prejudice.  Similarly, the court should dismiss with prejudice if the motion to withdraw merely represents an attempt to relitigate under more favorable circumstances.

21 Cl. Ct. at 135 (internal citations omitted).  None of these factors militates in favor of dismissing plaintiffs' upland-parcel claims with prejudice.

Plaintiffs have advanced a reasonable explanation for their decision to voluntarily withdraw their upland-parcel claims.  Plaintiffs are currently pursuing an appeal of the dismissal of their riparian-rights claims in the Federal Circuit.  The court accepts plaintiffs' representation that it would be unduly burdensome to conduct discovery on their upland-parcel claims while simultaneously pursuing their appeal in the Federal Circuit, particularly in light of the significant legal and factual differences between those two classes of plaintiffs' claims.

In addition, plaintiffs are not seeking to dismiss their upland-parcel claims in order to deprive defendant of a ruling on a dispositive motion.  As noted above, there is no pending motion to dismiss plaintiffs' upland-parcel claims or for summary judgment with respect to those claims.

The court does not believe that dismissal of plaintiffs' upland-parcel claims without prejudice will result in excessive delay. Plaintiffs have expressed their intention to pursue those claims upon the Federal Circuit's resolution of their appeal, and the likelihood of further delay must also be viewed in light of the six-year statute of limitations applicable to all takings claims in this court, which continues to run in the instance of a dismissal without prejudice.

Finally, the court does not believe that plaintiffs' motion is merely an attempt to relitigate their claims under more favorable circumstances. Plaintiffs have stated that moving forward with their upland-parcel claims at this time would be difficult due to their pending appeal in the Federal Circuit. Defendant has not demonstrated that plaintiffs will derive any benefit from postponing the litigation of their upland-parcel claims until some point in the future. On the contrary, the passage of time is likely to weaken the strength of those claims due to the possible loss or deterioration of evidence necessary to establish a *prima facie* case. In addition, as previously stated, plaintiffs' upland-parcel claims will be subject to the six-year statute of limitations and any other applicable jurisdictional limitations if those claims are pursued at some later date. The court holds that the circumstances in this case do not warrant the dismissal of plaintiffs' upland-parcel claims with prejudice.

## II.    William and Lisa Addeo

Plaintiffs argue that William and Lisa Addeo should be dismissed from this case without prejudice. According to plaintiffs, "the Addeos fully and actively participated in this litigation and there are no grounds for dismissing with prejudice." Pls.' Mot. at 3. Defendant, in contrast, argues that the Addeos have not diligently pursued their claims and have not been involved in this case for approximately two and one-half years. Def.'s Resp. at 7-8. In addition, defendant further asserts that this court has already "entered final judgment on the merits of the Addeos' only substantive claim, that their riparian rights were taken." *Id.* at 8. For that reason, defendant argues, it would be inappropriate for the court to dismiss the Addeos from this case without prejudice.

The only substantive claim raised by William and Lisa Addeo in this case involved the alleged taking of their riparian rights. There is no evidence in the record that the Addeos also sought just compensation for a physical invasion of their upland property. In the January 29, 2010 opinion, the court dismissed all of

9

plaintiffs' claims related to the alleged taking of their asserted riparian rights in the St. Lucie River.  Dismissal of the Addeos' claim was included within the parameters of that decision.  In addition, the Addeos did not appeal that dismissal to the Federal Circuit.  *See* Pls.' Notice of Appeal.

Plaintiffs did not move to voluntarily dismiss the Addeos from this case at any time prior to the dismissal of their riparian-rights claims on January 29, 2010.  On the contrary, counsel for plaintiffs did not even inform the court that the Addeos were "no longer in the case" until the court raised the issue *sua sponte* during oral argument on the parties' dispositive motions.  Oral Argument Tr. at 68.  Because the Addeos' sole takings claim has already been adjudicated and dismissed, plaintiffs' request to dismiss that claim without prejudice must be denied as moot.[1]

## CONCLUSION

Defendant has not demonstrated that dismissal of plaintiffs' upland-parcel claims with prejudice is warranted.  There is no evidence that the parties have engaged in any significant discovery or other litigation activities specific to those claims.  Because the only substantive claim raised by William and Lisa Addeo has already been dismissed, the court denies as moot plaintiffs' request to dismiss the Addeos from this case without prejudice.  For the foregoing reasons, it is hereby **ORDERED** that:

(1)   Plaintiffs' Motion for Voluntary Dismissal of Their Upland Claims, filed March 22, 2010, is **GRANTED**, and plaintiffs' upland-parcel claims are hereby **DISMISSED**, without prejudice;

(2)   Plaintiffs' request to voluntarily dismiss William and Lisa Addeo without prejudice, filed March 22, 2010, is **DENIED** as moot;

(3)   The Clerk's Office is directed to **ENTER** final judgment

---

[1]For the same reason, the court also denies defendant's request to dismiss the Addeos with prejudice for failure to prosecute their claim.

**DISMISSING** all of plaintiffs' remaining claims, without prejudice; and

(4)     Each party shall bear its own costs.

/s/Lynn J. Bush
LYNN J. BUSH
Judge